UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES SUMMERS,

Plaintiff,

v.                                          CAUSE NO.: 3:18-CV-982-PPS-MGG

JEFF CONWAY, et al.,

Defendants.

OPINION AND ORDER

Charles Summers, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Summers alleges that, on November 28, 2015, he slipped and fell and hit his head on the toilet in his cell at the Marion County Jail. He complained to Nurse Ash about severe head pain and dizziness on several occasions. She treated the cut on his head and determined that he did not have a concussion, but he was not sent to a hospital. On January 14, 2016, he transferred to the Miami Correctional Facility. On February 3, 2016, Summers told medical staff about his head injury. On February 22,

2016, medical staff sent Summers to a hospital in Indianapolis after he fell seven times. There, he was diagnosed with a life-threatening injury and immediately underwent surgery to drain blood from his head. As a result of this injury, he continues to suffer migraines, dizziness, and lack of focus. He seeks money damages.

To start, Summers lists twenty-two defendants, but, except for Nurse Ash, he does not explain how these defendants are involved with his claims. "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). For corporate defendants, a plaintiff must allege that the corporate entity's policy or practice acted as "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cnty.*, 526 F. App'x 692, 695 (7th Cir. 2013); *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Because Summers has not explained how these defendants are involved with his claims, he cannot proceed against them.

Additionally, the sequence of events described by Summers took place between November 2015 and February 2016. The applicable statute of limitations requires plaintiffs to file lawsuits within two years of the date on which the injury occurred. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005); Ind. Code § 34-11-2-3. Summers filed this lawsuit on November 16, 2018 -- about eight months after the limitations period expired. ECF 1-2. Therefore, Summers cannot proceed on these allegations because they are untimely.

Though the complaint does not state a valid claim, I will grant Summers an opportunity to file an amended complaint. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d

1014 (7th Cir. 2013). However, Summers should only file an amended complaint if he can address the deficiencies set forth in this order. This means that he must describe how the defendants were involved with his claims and either explain why his claims are timely or why the untimeliness should be excused. If he chooses to file an amended complaint, a copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – is available upon request from the prison law library. On the amended complaint, he must put the cause number of this case which is on the first page of this order, and he should organize his narrative in numbered paragraphs.

For these reasons, the court:

(1) GRANTS Charles Summers until <u>January 11, 2019</u>, to file an amended complaint; and

(2) CAUTIONS Charles Summers that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED.

ENTERED: December 7, 2018

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT