UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES SUMMERS,

    Plaintiff,

    v.     CAUSE NO.: 3:18-CV-982-PPS-MGG

JEFF CONWAY, *et al.*,

    Defendants.

OPINION AND ORDER

Charles Summers, a prisoner without a lawyer, filed two amended complaints. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the amended complaints, Summers alleges that, on November 28, 2015, he slipped and fell and hit his head on the toilet in his cell at the Marion County Jail. He complained to Nurse Ash about severe head pain and dizziness on several occasions. She treated the cut on his head and determined that he did not have a concussion, but he was not sent to a hospital. On January 14, 2016, he transferred to the Miami Correctional Facility. On February 2, 2016, Summers told medical staff about his head injury. On February 22, 2016, medical staff sent Summers to a hospital in Indianapolis

after he fell seven times. There, he was diagnosed with a life-threatening injury and immediately underwent surgery to drain blood from his head. As a result of this injury, he continues to suffer migraines, dizziness, and lack of focus. He seeks money damages.

In the screening order for the initial complaint, I determined that Summers could not proceed on his claims because he did not describe how the defendants were personally involved with his medical treatment and because it appeared that his claims were untimely. ECF 5. Though Summers has made some attempt at detailing the defendants' personal involvement, he does not explain how his claims are timely or why the untimeliness should be excused. As set forth in my previous order, the sequence of events described by Summers took place between November 2015 and February 2016, and the applicable statute of limitations requires plaintiffs to file lawsuits within two years of the date on which the injury occurred. Summers filed this lawsuit on November 16, 2018 -- about eight months after the limitations period expired. ECF 1-2. Therefore, Summers cannot proceed on his medical claim because it is untimely.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because the amended complaints do not state a claim upon which relief can be granted.

**SO ORDERED.**

ENTERED: March 4, 2019.

    /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT